IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DWIGHT E. REDDICK, | ) | 8:16CV556 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| MARY PAINE, Ph. D., and | ) | |
| NICHOLAS GILES, Psy. D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Dwight E. Reddick, filed this case on December 21, 2016, and he has since been granted leave to proceed in forma pauperis. The court now conducts an initial review of Reddick's complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For the reasons stated below, the court determines that action should be dismissed without prejudice.

## I. SUMMARY OF COMPLAINT

Reddick alleges he is a civilly committed detainee at the Norfolk Regional Center in Norfolk, Nebraska. The defendants, who are sued in both their individual and official capacities, are identified in the complaint as two psychologists who are employed by Counseling Affiliates of Nebraska, LLC, a company which allegedly has a contract with the Nebraska Department of Health and Human Services "whereby all sex offenders having inpatient treatment at the Lincoln Regional Center, in Lincoln, Nebraska, and staying in Lancaster County, Nebraska, are required to agree to participate in the Sexual Trauma Offense Prevention Program facilitated by defendants" (Filing No. 1 at CM/ECF p. 4 (underlining in original)). Reddick further alleges:

> In order to be accepted by the Sexual Trauma Offense Prevention (STOP) Program, the client is required to agree to submit to polygraph testing at the whim of the defendants. Refusal to submit to polygraph testing results in termination from the STOP Program or failure to be recommended for outpatient treatment by DHHS. This constitutes compulsion! Plaintiff was compelled <u>to agree</u> to polygraph testing on October 13, 2015 and was compelled <u>to submit</u> to said test on October 19, 2015!

(Filing No. 1 at CM/ECF p. 4 (underlining in original)).

Reddick claims the defendants deprived him of his Fifth Amendment right against self-incrimination[1] (Filing No. 1 at CM/ECF p. 3) because:

> During manditory [*sic*] polygraph testing, I was required to make potentially self-incriminating disclosures. During pre-test discussion with the test administrator, it was alleged that I made statements I did not make, which were then used to have me brought back before the Lancaster County Mental Health Board and which resulted in my re-committal to inpatient treatment!

(Filing No. 1 at CM/ECF p. 5). Reddick seeks an "immediate discharge from all commitment status" and "$1,000,000.00 in punitive damages" (Filing No. 1 at CM/ECF p. 5).

---

[1] "The Self-Incrimination Clause of the Fifth Amendment, which applies to the States through the Fourteenth Amendment, *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), provides that no person 'shall be compelled in any criminal case to be a witness against himself.'" *Allen v. Illinois*, 478 U.S. 364, 368 (1986). The Supreme Court "has long held that the privilege against self-incrimination not only permits a person to refuse to testify against himself at a criminal trial in which he is a defendant, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Id.* (internal quotations and citations omitted).

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. ANALYSIS

Although Reddick has pleaded this case as an action brought under 42 U.S.C. § 1983, he is seeking immediate discharge from the Norfolk Regional Center by claiming that his re-commitment to inpatient treatment was based on a false report regarding statements he allegedly made to a polygraph examiner. In other words, Reddick is claiming that the civil commitment order entered by the Lancaster County Mental Health Board is invalid. Under applicable law, however, such a claim can only

be pursued in federal court through a habeas corpus proceeding and Reddick must first exhaust his state court remedies.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), involving a § 1983 action brought by a state prisoner seeking damages from prosecutors and a police investigator whose actions allegedly caused him to be unlawfully convicted, the Supreme Court stated:

> This case lies at the intersection of the two most fertile sources of federal-court prisoner litigation—the Civil Rights Act of 1871, Rev.Stat. § 1979, as amended, 42 U.S.C. § 1983, and the federal habeas corpus statute, 28 U.S.C. § 2254. Both of these provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation. In general, exhaustion of state remedies "is *not* a prerequisite to an action under § 1983," *Patsy v. Board of Regents of Fla.,* 457 U.S. 496, 501, 102 S.Ct. 2557, 2560, 73 L.Ed.2d 172 (1982) (emphasis added), even an action by a state prisoner, *id.,* at 509, 102 S.Ct., at 2564. The federal habeas corpus statute, by contrast, requires that state prisoners first seek redress in a state forum. See *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).
>
> *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), considered the potential overlap between these two provisions, and held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983. *Id.,* at 488-490, 93 S.Ct., at 1835-1837. We emphasize that *Preiser* did *not* create an exception to the "no exhaustion" rule of § 1983; it merely held that certain claims by state prisoners are not *cognizable* under that provision, and must be brought in habeas corpus proceedings, which do contain an exhaustion requirement.

*Id.* at 480-81 (footnote omitted; emphasis in original). The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

-4-

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87 (footnote omitted).

While *Heck* and *Preiser* involved criminal convictions, the Court's reasoning in those cases applies equally to civil commitments. As explained by the United States Court of Appeals for the Ninth Circuit, in affirming the dismissal of a § 1983 action brought by a civil detainee seeking damages and declaratory relief against a California Sexually Violent Predators Act ("SVPA") evaluator:

> *Heck*'s favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus. Unlike the PLRA [Prison Litigation Reform Act], the habeas statute is not textually limited to "prisoners." Rather, § 2254 directs that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a *person in custody* pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (emphasis added). It is well established that detainees under an involuntary civil commitment scheme such as SVPA may use a § 2254 habeas petition to challenge a term of confinement. *See Duncan v. Walker,* 533 U.S. 167, 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (stating that a state court order of civil commitment satisfies § 2254's "in custody" requirement). We therefore conclude that *Heck* applies to SVPA detainees with access to habeas relief.

*Huftile v. Miccio-Fonseca,* 410 F.3d 1136, 1139-40 (9th Cir. 2005); *see Henderson v. Bryant,* 606 F. App'x 301, 304 (7th Cir. 2015) (unpublished) (civil detainee cannot maintain § 1983 action seeking damages for having been recommitted based on his violation of allegedly unconstitutional conditions of release because a successful damages claim would vitiate the basis for his commitment; plaintiff "must first have the custody invalidated, either in state proceedings or through a federal collateral attack under 28 U.S.C. § 2254, before he can refile those claims and proceed under § 1983."); *Thomas v. Schmitt,* 380 F. App'x 549, 550 (7th Cir. 2010) (unpublished)

(plaintiff civilly committed as a sexually violent person cannot bring § 1983 action seeking to recover damages against examining psychologist who allegedly falsified a report which led to his commitment unless and until his commitment is invalidated). *Cf.* *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017) (holding that § 1983 class action brought by civilly committed sex offenders against managers of Minnesota Sex Offender Program for alleged substantive due process violations could be maintained because the action "would not necessarily imply the invalidity of any of the plaintiffs' commitment").

Reddick's claim that a false report caused him to be re-committed necessarily implies that his commitment is invalid. Such a claim is cognizable in federal court only under 28 U.S.C. § 2254, and only if state court remedies have been exhausted. The claim of false reporting cannot be presented in a § 1983 action unless and until Reddick's civil commitment is invalidated.

Reddick also claims he was required to provide "potentially self-incriminating disclosures" as part of his evaluation. This claim does not necessarily imply the invalidity of Reddick's commitment, but instead raises a concern that his statements will be used against him in a future criminal prosecution. The claim necessarily fails, however, because even if it is assumed that the alleged adverse consequences for refusing to submit to polygraph testing constitute "compulsion" under the Fifth Amendment,[2] "the general rule is that a person has no claim for civil liability based on the Fifth Amendment's guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case." *Entzi v. Redmann*, 485 F.3d 998, 1002 (8th Cir. 2007). At this time, the claimed violation of Reddick's Fifth Amendment right against self-incrimination is purely hypothetical.

---

[2] *But see* *McKune v. Lile*, 536 U.S. 24 (2002) (adverse consequences faced by state prisoner for refusing to make admissions required for participation in sexual abuse treatment program, including transfer to maximum security unit and loss of privileges, were not so severe as to amount to compelled self-incrimination).

## IV. CONCLUSION

Reddick's complaint fails to state a claim upon which relief can be granted. His claim challenging the validity of his commitment to the Norfolk Regional Center is *Heck*-barred and his Fifth Amendment self-incrimination claim is premature. He will not be allowed to file an amended complaint because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED:

1. Plaintiff's action is dismissed without prejudice.

2. Judgment will be entered by separate document.

3. The clerk of the court is directed to send Plaintiff a form petition for a writ of habeas corpus under 28 U.S.C. § 2254.

DATED this 30th day of January, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge